IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KARI JUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3084 |
| | ) | |
| MONTGOMERY COUNTY, | ) | |
| SHERIFF JIM VAZZI, in his official | ) | |
| and individual capacity, RICK | ) | |
| ROBBINS, KURT ELLER, RICK | ) | |
| FURLONG, DOUG WHITE, | ) | |
| GREGORY NIMMO, and MARY | ) | |
| SHIPMAN, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is a civil rights action wherein the Plaintiff asserts several claims pursuant to 42 U.S.C. § 1983.  Pending before the Court is the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

### I. INTRODUCTION

Plaintiff Kari Jump's Second Amended Complaint asserts a number of claims against several Defendants.  It includes the following claims:  (1)

gender discrimination and hostile work environment based on a violation of her rights of equal protection under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants Montgomery County, Jim Vazzi, Rick Robbins, Kurt Eller, Rick Furlong, Doug White, Gregory Nimmo and Mary Shipman (Count I); (2) gender discrimination and hostile work environment in violation of Title VII, 42 U.S.C. § 2000, et seq. against Montgomery County (Count II); (3) retaliation in violation of Title VII against Montgomery County (Count III); (4) gender discrimination and creating a hostile work environment in violation of the Illinois Human Rights Act ("IHRA") (775 ILCS § 5/1-102) against Montgomery County, Robbins, Eller, Furlong and White (Count IV); and (5) retaliation also in violation of the IHRA against Montgomery County.

The Plaintiff further alleges that the Defendants' conduct constitutes a continuing violation.

## II. FACTS[1]

---

[1] Because the Court must take all well-pleaded facts as true in considering a motion to dismiss, these alleged facts are taken from the Plaintiff's Second

Defendant Montgomery County is a municipal corporation operating under the laws of the State of Illinois and through various departments, including the Montgomery County Sheriff's Office. At all relevant times, Defendant Jim Vazzi served as the Sheriff of Montgomery County. Defendant Rick Robbins served in a supervisory capacity as the Undersheriff of Montgomery County. Defendant Gregory Nimmo served in a supervisory capacity as a Captain in the Montgomery County Sheriff's Office. Defendant Kurt Eller served in a supervisory capacity as Deputy. Defendant Rick Furlong served in a supervisory capacity as Investigator. Defendant Mary Shipman served in a supervisory capacity as Sergeant over the dispatch employees. Defendant Doug White served as telecommunicator/dispatcher.

Sheriff Vazzi is sued in his official and individual capacity. The other individual Defendants are sued in their individual capacities.

Plaintiff Jump began working part-time for Montgomery County in the Sheriff's Office, as telecommunicator/dispatcher ("dispatcher") on or

---

Amended Complaint [d/e 20].

about September 12, 2007.  On or about February 15, 2008, the Plaintiff started working full-time in that capacity.  The Plaintiff satisfactorily performed her duties at all times during her employment.

The Plaintiff alleges that, on a continuing and ongoing basis since the Summer of 2011 through July of 2012 when her employment was terminated, the Defendants subjected the Plaintiff to a hostile work environment and harassment based on her gender including, but not limited to, the following examples: (1)  being slapped on her buttocks, assaulted and battered; (2) being subjected to sexually offensive and sexually related questions; (3) being kicked and physically assaulted; (4) having her hair pulled; (5) being subjected to sexual comments and inappropriate pictures; (6) being subjected to daily offensive comments such as "get the sand out of your vaginas," "pussy" and other derogatory terms; (7) having false complaints manufactured against her about her performance; and (8) being called a "bitch."  The Plaintiff further alleges that supervisors knew about the conduct, facilitated it, approved it, condoned it or turned a blind eye to the conduct.

The Plaintiff further specifies a number of actions that are directed at specific Defendants.

### III. DISCUSSION

#### A. Legal standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although factual allegations at this stage are accepted as true, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012) (citing Iqbal, 556 U.S. at 678).

A plaintiff cannot survive a motion to dismiss by merely providing notice of a claim. See Adams v. City of Indianapolis, 742 F.3d 720, 728-29 (7th Cir. 2014). Because of the plausibility requirement, "the court must

5

review the complaint to determine whether it contains 'enough fact to raise a reasonable expectation that discovery will reveal evidence' to support liability for the wrongdoing alleged." Id. at 729 (quoting Twombly, 550 U.S. at 556).

B. Dismissal based on status of Defendant

The Defendants provide a number of reasons as to why certain claims must be dismissed. They contend that § 1983 claims against certain Defendants must be dismissed because those individuals were not supervisors. Defendant Doug White was a dispatcher. Defendant Kurt Eller was a deputy and Defendant Rick Furlong was an investigator.

Here, although it appears that White would qualify as a co-worker, the Plaintiff has alleged that Eller and Furlong both served as supervisors. However, the Defendant cites only persuasive authority in contending that the § 1983 hostile work environment claims must be dismissed as to certain Defendants because they do not qualify as supervisors. Although it may be unlikely that such a claim will succeed against a non-supervisory employee, the Court declines to dismiss the action against those Defendants at the

6

pleading stage.

### C. Dismissal based on untimeliness

(1)

Next, the Defendants assert the Plaintiff's gender discrimination and harassment claims under § 1983 against Defendants Gregory Nimmo and Mary Shipman as alleged in Count I are time-barred. These Defendants were added when the Plaintiff filed her Second Amended Complaint on April 1, 2014. Neither Nimmo nor Shipman were named as Defendants in the Plaintiff's initial Complaint or First Amended Complaint. Accordingly, the Defendants contend that any § 1983 claims based on events that occurred prior to April 2, 2012 are barred by the two-year statute of limitations and must be dismissed.

The Second Amended Complaint references harassment and the Plaintiff's repeated complaints to Nimmo and Shipman. In paragraph 29, the Plaintiff alleges that she complained to Nimmo on or about March 7, 2012, and Nimmo changed the subject and acted like he did not want to talk about it. In the next paragraph, the Plaintiff asserts she repeatedly

complained to Shipman. The Plaintiff does not allege the dates of these occurrences.

According to paragraph 32 of the Second Amended Complaint, in April of 2012, the Plaintiff told Mary Shipman things were not any better. Shipman told the Plaintiff that she did not speak to Captain Nimmo about the alleged harassment. The Plaintiff further alleges that on April 20, 2012, she was called to a disciplinary meeting. According to paragraph 42, Nimmo knew about the alleged harassment and discrimination and did nothing in response thereto.

Based on the foregoing, it is apparent that some of the allegations which are part of the Plaintiff's hostile work environment claim occurred within two years of the filing of her Second Amended Complaint. Although a plaintiff may not recover for discrete acts which occurred outside of the limitations period–such as those alleged to have occurred in March of 2012–a court may consider those acts as part of a hostile work environment claim, as long as an act contributing to the hostile work environment occurred within the limitations period. See Dandy v. United Parcel Service,

Inc., 388 F.3d 263, 270 (7th Cir. 2004). Thus, a plaintiff may allege a pattern and practice of discrimination based on "continuing violations." See id.

The Plaintiff has alleged conduct by both Nimmo and Shipman that is part of her hostile work environment claim and within the limitations period. Upon accepting the allegations as true, the Court has no basis at this stage to dismiss the hostile work environment claims against Nimmo and Shipman in Count I.

(2)

Next, the Defendants contend that Plaintiff's gender discrimination and retaliation claims in Counts II through IV based on incidents that occurred more than 300 days before she filed her Illinois Department of Human Rights (IDHR) charge are untimely and must be dismissed. The Plaintiff filed her charge of discrimination with the IDHR on July 20, 2012.

In Illinois, a charging party has 300 days from the date of the alleged discrimination to file a charge with the EEOC if the charge is also filed with a state agency such as the IDHR. See Marlowe v. Bottarelli, 938 F.2d 807,

813 (7th Cir. 1991); Sofferin v. Am. Airlines, Inc., 923 F.2d 552, 553 (7th Cir. 1991).

The Defendants claim that 300 days before July 20, 2012 would have been September 24, 2011. Therefore, any acts occurring before that date would be untimely. The Defendants note that although her IDHR and EEOC charge provide that the discrimination occurred between August of 2011 and May of 2012, the Plaintiff in her Second Amended Complaint alleges she was subject to harassment and a hostile work environment on an ongoing and continuing basis from the Summer of 2011 through July of 2012. The Defendants further contend that Plaintiff incorporates all of her factual allegations pertaining to harassment into Counts II through V, wherein she asserts not only harassment claims, but also discrimination and retaliation claims. If the Plaintiff is basing discrimination and retaliation claims on incidents that occurred before September 24, 2011, the Defendants allege those claims are untimely and must be dismissed.

It appears that Counts II through V each include claims for hostile work environment or retaliation for complaining about hostile work

environment.  "[A] hostile-work environment charge is timely as long as any act falls within the statutory time period, even of the charge encompasses events occurring prior to the statutory time period."  Adams v. City of Indianapolis, 742 F.3d 720, 730 (7th Cir. 2014) (internal quotation marks and citation omitted).  Because some of the acts that form the basis of the Plaintiff's hostile work environmental claims are alleged to have occurred within 300 days of the filing of the charge, the Court has no basis to dismiss Counts II through V, to the extent that Plaintiff is asserting a hostile work environment or related claims.

Ergo, the Defendants' Motion under Rule 12(b)(6) to Dismiss the Plaintiff's Second Amended Complaint [d/e 22] is DENIED.

ENTER: October 9, 2014

               FOR THE COURT:

                          s/Richard Mills  
                          Richard Mills  
                          United States District Judge