IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KARI JUMP, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-3084 |
| MONTGOMERY COUNTY, SHERIFF JIM VAZZI, in his official and individual capacity, RICK ROBBINS, KURT ELLER, RICK FURLONG, DOUG WHITE, GREGORY NIMMO, and MARY SHIPMAN, in their individual capacities, | ) |
| Defendants, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kari Jump's Motion to Compel Defendants' Depositions (d/e 60) (Motion 60), Defendants' Emergency Motion to Compel Depositions and for Sanctions (d/e 62) (Motion 62), Plaintiff's Motion for Leave to File a Supplement in Support of Plaintiff's Motion to Compel Defendants' Depositions (d/e 63) (Motion 63), Movant James Jump and Rita Holzknecht's Motion to Quash Defendants' Subpoenas (d/e 65) (Motion 65), and

Plaintiff's Motion for Leave to File Reply in Support of Plaintiff's Motion to Compel Defendants' Depositions (d/e 68) (Motion 68).  Motion 63 is ALLOWED.  Plaintiff may supplement her Motion 60 with the supplement attached to Motion 60.  Motion 68 is DENIED.  Replies to responses are not permitted.  Local Rule 7.1(B)(3).   For the reasons set forth below, Motion 60, Motion 63, and Motion 65 are ALLOWED in part and DENIED in part.

On June 11, 2015, the parties conducted a conference under Federal Rule of Civil Procedure 37(a) (Rule 37 Conference) to attempt to resolve the scheduling of several remaining depositions.  Plaintiff sought to settle on dates for the depositions of Individual Defendants Montgomery County, Illinois, Sheriff Jim Vazzi, Under Sheriff Rick Robbins, Deputy Kurt Eller, and Captain Gregory Nimmo.   Plaintiff sought to settle on dates for the depositions of non-party witnesses James Jump and Rita Holzknecht.  James Jump is the Plaintiff's estranged husband, and Holzknecht is Plaintiff's mother.  See Motion 62, Exhibit J, Transcript of Rule 37 Conference dated June 11, 2015; Motion 63, Exhibit A, Plaintiff's Supplement in Support of Plaintiff's Motion to Compel Defendants' Depositions, Exhibit 1, Transcript of Rule 37 Conference dated June 11, 2015.

The parties also discussed other matters at the Rule 37 Conference, including redaction of passwords and email addresses from documents produced

by Plaintiff, and the production of a complete insurance policy by Defendants. Defendants agreed to redact the requested material and produce the complete policy. Transcript of Rule 37 Conference dated June 11, 2015, at 32-33. The Defendants are directed to comply with these requests by July 15, 2015.

Both parties now ask the Court to compel the opposing party to conduct the remaining depositions on each side's preferred schedule and location. Plaintiff noticed the depositions of Eller, Vazzi, Robbins, and Nimmo on its preferred schedule and location. Defendants served subpoenas (Subpoenas) for the depositions of James Jump and Holzknecht on Plaintiff's counsel by certified mail.

Defendants served the Subpoenas on Plaintiff's counsel by certified mail. Defendants' counsel received signed return receipts showing delivery of the Subpoenas. Defendants' Response to Plaintiff's Supplement in Support of Plaintiff's Motion to Compel Defendants' Depositions (d/e 67) (Defendants' Supplemental Response), Exhibit B, Return Receipts. Plaintiff's counsel states that she returned the Subpoenas because the postage was insufficient. Plaintiff's Response to Defendants' Emergency Motion to Compel (d/e 66) (Plaintiff Response), at 3. The signed return receipts show that the office of Plaintiff's counsel accepted delivery. The Subpoenas were served by mail.

See Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (allowing service of subpoenas by certified mail).

Plaintiff's counsel also states that the Defendants failed to include the appropriate witness fees and mileage fees with the Subpoenas. It is unclear to the Court how Plaintiff's counsel knew this since the Subpoenas were returned for insufficient postage. Regardless, Defendants respond that Plaintiff did not provide addresses for James Jump and Holzknecht in her Rule 26 disclosures so the Defendants could not calculate the appropriate mileage fees. Rather, Plaintiff represented that James Jump and Holzknecht could only be contacted through Plaintiff's counsel.

Defendants' counsel asked Plaintiff's counsel at the Rule 37 Conference to confirm that she represented James Jump and Holzknecht. Plaintiff's counsel refused to do so at that time. On June 12, 2015, Plaintiff's counsel confirmed that she represented James Jump and Holzknecht and stated that appropriate witness fees would be $106.25 for James Jump and $108.43 for Holzknecht for depositions at Springfield, Illinois. Motion 62, Exhibit P, Email from Dana Kurtz to Karin Anderson dated June 12, 2015. Plaintiff now states that these figures represent mileage fees only, not witness fees. Plaintiff Response, ¶ 9.

The parties also cannot agree on the location for depositions. Plaintiff prefers all depositions to be conducted at the Springfield, Illinois, airport so

Plaintiff's counsel can fly in and out to the depositions without having to rent a car.  Defendants want the depositions to be closer to Hillsboro, Illinois.  Defendants particularly want the depositions of Vazzi, Nimmo, and Robbins to be held closer to Hillsboro, Illinois, because they want to be closer to the Sheriff's Department headquarters in Hillsboro, Illinois, in case of an emergency.  Defendants' counsel stated that Vazzi, Nimmo, and Robbins are the command staff for the Sheriff's Department.  They want to attend each other's depositions and do not want to all be so far away.

Finally, Plaintiff's counsel states that she wants to take the depositions of the party Defendants before taking depositions of third-party witnesses.  The Court notes, however, that Plaintiff already took the deposition of four third-party defense witnesses.  See Motion 60, ¶ 6.  The Defendants' counsel states that she wants to take the depositions of James Jump and Holzknecht before allowing Plaintiff to depose Eller, Nimmo, Robbins, or Vazzi.  See Motion 62, at 12.

The Court has broad discretion to determine how discovery will be conducted.  See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 336 (N.D. Ill. 2005); Fed. R. Civ. P. 26(c) and (d).  The parties have not been able to set a schedule of depositions, and the depositions must be completed to bring

this matter to resolution. The Court, therefore, orders that the depositions shall be conducted on the following schedule:

1. On July 15, 2015, the deposition of Kurt Eller will occur at the Springfield, Illinois, airport facility previously used by the parties, commencing at 9:00 a.m. and ending no later than 5:00 p.m., with a one-hour break for lunch from 12:00 p.m. to 1:00 p.m.;

2. On July 21, 2015, the deposition of Greg Nimmo will occur at the conference room at the Baymont Inn and Suites located at 1405 W. Hudson Drive,  Litchfield, Illinois, commencing at 9:00 a.m. and ending no later than 5:00 p.m., with a one-hour break for lunch from 12:00 p.m. to 1:00 p.m.;

3. On July 22, 2015, the deposition of Jim Vazzi will occur at the conference room at the Baymont Inn and Suites located at 1405 W. Hudson Drive,  Litchfield, Illinois, commencing at 9:00 a.m. and ending no later than 5:00 p.m., with a one-hour break for lunch from 12:00 p.m. to 1:00 p.m.;

4. On July 23, 2015, the deposition of James Jump will occur at the Springfield, Illinois, airport facility previously used by the parties, commencing at 9:00 a.m. and ending no later than 12:30 p.m.;

5. On July 23, 2015, the deposition of Rita Holzknecht will occur at the Springfield, Illinois, airport facility previously used by the parties, commencing at 1:30 p.m. and ending no later than 5:00 p.m.; and

6. On July 24, 2015, the deposition of Rick Robbins will occur at the conference room at the Baymont Inn and Suites located at 1405 W. Hudson Drive, Litchfield, Illinois, commencing at 9:00 a.m. and ending no later than 5:00 p.m., with a one-hour break for lunch from 12:00 p.m. to 1:00 p.m.

The Court set the depositions of James Jump and Holzknecht on July 23, 2015, in Springfield, Illinois, because they were available on that date, because they prefer the depositions in Springfield, and because the Defendants should have included a witness fee with the Subpoenas when they were served. Plaintiff's Rule 26 disclosures failed to provide addresses for James Jump and Holzknecht, so Defendants could not calculate mileage for travel expenses. Plaintiff also stated in the Rule 26 disclosures that James Jump and Holzknecht should be contacted through Plaintiff's counsel, so service on counsel was appropriate. The witness fee, however, should have been included. The Court finds that moving the depositions to James Jump and Holzknecht's preferred date and location is an appropriate sanction for the failure to tender witness fees. See Fed. R. Civ. P. 45(d)(1). Defendants shall tender to Plaintiff's counsel by

July 15, 2015, the witness fees of $40 each and the mileage fees of $106.25 for James Jump and $108.43 for Holzknecht. See 28 U.S.C. § 1821(b) (witness fee is $40.00 per day).

The Court set the depositions of Eller, Vazzi, Robbins, and Nimmo at dates that they and the attorneys appear to be available. See Defendants' Supplemental Response, ¶¶ 4, 5, 15.[1] The Court set the depositions of Vazzi, Robbins, and Nimmo in Litchfield because the Court agrees that parties have a valid interest in attending all depositions, and the interests of public safety in Montgomery County, Illinois, merit allowing these Defendants to remain close to the Montgomery County, Illinois, Sheriff's Department headquarters. The convenience of Plaintiff's counsel does not outweigh these concerns.

The Court denies Plaintiff's request to complete all depositions of Defendants before conducting third-party witness depositions. Discovery generally may be conducted in any order. Fed. R. Civ. P. 26(d)(2). In addition, Plaintiff already deposed four third-party defense witnesses before completing party depositions. See Motion 60, ¶ 6. She cannot complain about the Defendants doing the same. The Court also denies Defendants' request to conduct the depositions of James Jump and Holzknecht before the depositions of

---

[1] Ellers' deposition was set for July 2, 2015. He currently is not available on that date. See Defendants' Supplemental Response, ¶ 15.

Eller, Vazzi, and Nimmo.  Again, discovery generally may be conducted in any order.

Plaintiff noticed the depositions of Eller, Vazzi, Robbins, and Nimmo, and so, shall bear the cost of these depositions except for the cost of the conference room in the Litchfield hotel.  The Court chose the location in consideration of the Defendants' request, and so, the Defendants shall bear the cost of renting the room.  The Defendants will bear the cost of the depositions of James Jump and Holzknecht because they noticed these depositions.

The Defendants' request for sanctions under rule 37 is denied at this time.  The Defendants present disturbing allegations regarding the possibility that the Plaintiff's counsel misrepresented to the parties and the Court that she represented James Jump and Holzknecht, and possibly interfered with Defense counsel's right to contact James Jump and Holzknecht directly.  The statements by Plaintiff's counsel in the Rule 37 Conference lend some support for these allegations because she could not confirm the representation at that time.

The Defendants, however, fail to demonstrate that these alleged misrepresentations violate Rule 37.  Rule 37 authorizes remedies for failures to disclose information required in Rule 26 disclosures, failures to comply with discovery requests, and failures to comply with Court orders regarding discovery.  Fed. R. Civ. P. 37(a), (b) and (c).  The allegations of possible misrepresentations

do not relate to a failure to comply with a discovery request, discovery order of this Court, or a Rule 26 disclosure. The Court will not award sanctions under Rule 37. This denial is without prejudice to seek other remedies if appropriate.

The Plaintiff's request for attorney's fees is denied. As noted above, the Court determined the appropriate sanction for the Defendants' failure to tender witness fees to James Jump and Holzknecht was to move the deposition to their preferred date and location. An award of attorney's fees is not appropriate in this case. See Fed. R. Civ. P. 45(d)(1).[2]

THEREFORE, Plaintiff Kari Jump's Motion to Compel Defendants' Depositions (d/e 60), Defendants' Emergency Motion to Compel Depositions and for Sanctions (d/e 62), and Movant James Jump and Rita Holzknecht's Motion to Quash Defendants' Subpoenas (d/e 65) are ALLOWED in part and DENIED in part; Plaintiff's Motion for Leave to File a Supplement in Support of Plaintiff's Motion to Compel Defendants' Depositions (d/e 63) is ALLOWED; and Plaintiff's Motion for Leave to File Reply in Support of Plaintiff's Motion to Compel Defendants' Depositions (d/e 68) is DENIED.

ENTER: June 26, 2015

                      *s/ Tom Schanzle-Haskins*
                 UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Rule 37 may apply, the Court finds that an award of attorney's fees is not appropriate in this case. See Fed. R. Civ. P. 37(a)(5)(C).