E-FILED
Monday, 27 July, 2015 10:36:35 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| KARI JUMP, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-3084 |
| MONTGOMERY COUNTY, ILLINOIS, SHERIFF JIM VAZZI, in his official and individual capacities, RICK ROBBINS, KURT ELLER, RICK FURLONG, DOUG WHITE, GREGORY NIMMO and MARY SHIPMAN, in their individual capacities, | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Quash Plaintiffs' Records Subpoena to the ICRMT (d/e 70) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Kari Jump alleges employment discrimination and retaliation claims against the Defendants in violations of her constitutional rights,

pursuant to the Civil Rights Act of 1866; Title VII of the Civil Rights Act of 1964; and the Illinois Human Rights Act. Second Amended Complaint (d/e 20); 42 U.S.C. §§ 1983 and 2005e; 775 ILCS 5/1-102. During discovery in this case, Jump has issued a subpoena for the production of documents to the Illinois Counties Risk Management Trust (ICRMT). Motion, Exhibit A, Subpoena addressed to ICRMT, dated June 22, 2015 (Subpoena). Montgomery County is a member of a public entity risk management pool, the Illinois Counties Risk Management Trust ("ICRMT"), which is administered by the Insurance Program Managers Group ("IPMG"). Defendants state that Plaintiff's claims against Defendants are covered under the County's insurance policy issued by ICRMT and administered by IPMG. Motion, at 2.

The Subpoena commanded the ICRMT to produce:

1. Complete copy of the insurance Policy No. ICRMT2012023 and all exclusions and declaration pages.

2. Any and all documents relating to conflict waivers in relationship to any claim brought by Kari Jump against the Montgomery County Sheriff's Office (MCSO), any individual defendant, agent, and/or employees of the MCSO and/or Montgomery County.

3. Any and all documents relating to declinations or limitations of coverage in relationship to any claim brought by Kari Jump.

4. Any reservation of rights letter(s) or correspondence regarding any claim or notice of claim brought by Kari Jump.

5. Entire insurance claim and investigation file for policy holder Montgomery County Sheriff's Office (Policy No. ICRMT2012023) with respect to any claim made or notice given relating or referring to Kari Jump, including but not limited to all paper, electronic, and other documents in their native format.

6. Any and all communications between Illinois Counties Risk Management Trust and Montgomery County Sheriff's Office, or any of its agents, relating to a lawsuit or other claim filed by Kari Jump against Montgomery County Sheriff's Office or its agents or employees.

7. Any and all invoices, receipts, or other documents reflecting billing requests, requests for payment, or amounts paid for any legal work performed [on (sic)] any claim filed by Kari Jump against Montgomery County Sherriff's (sic) Office or its agents or employees.

Motion, Exhibit A, Subpoena, attached Documents to be Produced (Document Request). The Defendants move to quash the Subpoena.

ANALYSIS

As an initial matter, Jump challenges the Defendants' standing to move to quash a subpoena directed to a third party. Generally, a party lacks standing to move to quash a subpoena directed at a third party unless the party has a claim of privilege attached to the information sought or unless the production of the information sought implicates a party's privacy interests. See Malibu Media, LLC v. John Does 1-14, 287 F.R.D. 513, 516 (N.D. Ind. 2012). In this case, Jump asks for communications between ICRMT and MCSO regarding the case. Document Request, ¶ 6.

The responsive documents sought include litigation management reports from trial counsel to the ICRMT. Motion, at 4-5. Defense litigation counsel in this case represents both the Defendants and the insurer ICRMT. Id. Under these circumstances, the litigation management reports may be subject to attorney-client privilege or work product privilege. See Logan v. Commercial Union Ins. Co., 96 F.3d 971, 976-77 (7th Cir. 1996) (documents prepared by insurer after lawsuit was filed were protected by work product privilege); Ready v. Grafton Ferry Boat Co., Inc., 2009 WL 3258183, at *2 (S.D. Ill. October 8, 2009) (communications between insured and insurer during pending litigation may be subject to attorney-client privilege). The Defendants, therefore, have a legitimate basis to claim that the Subpoena seeks documents subject to their claims of privilege. The Defendants have standing to move to quash the subpoena.

The Defendants move to quash the Subpoena on grounds that the Subpoena seeks irrelevant material, materials subject to the Defendants' claims of privilege, and because the Subpoena imposes an undue burden on ICRMT. The scope of material that may be secured by subpoena is as broad that as permitted under the discovery rules. See Graham v. Casey's General Stores, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002). Relevant information under the discovery rules consists of admissible evidence or

information that is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

A defendant must also produce any "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The requirement to produce any insurance agreement is limited to the agreement. Rule 26(a)(1) does not require the production of any other document related to insurance. See Resolution Trust Corp. v. Thornton, 41 F.3d 1539, 1547 (D.C. Cir. 1994) (discovery rule production requirement limited to insurance policy only); Excelsior College v. Frye, 233 F.R.D. 583, 585-86 (S.D. Cal. 2006) (same); 1970 Advisory Committee Note to Rule 26(b)(2) and 1993 Advisory Committee Note to Fed. R. Civ. P. 26(a)(1)(D) (required production of insurance agreement does not include application for discovery purposes). Any other insurance-related document must meet the standard test for relevance—the document must be admissible evidence to prove or defend the claims at issue, or must be reasonably calculated to lead to admissible evidence. Simon v. G.D. Searle & Co., 816 F.2d 397, 404 (8th Cir. 1987).

Subpoena Document Request Paragraph 1 asks for a complete copy of the insurance Policy No. ICRMT2012023 (Policy).  The request is relevant under Rule 26(a)(1)(A)(iv).  The Defendants argue that the request is unduly burdensome because the Defendants have already produced a comply copy of the Policy.  Jump disputes whether a complete copy has been produced.  The Court, in its discretion, directs ICRMT to produce a complete copy of the Policy.  The burden to produce a copy is minimal, and the production will resolve any dispute over this matter.

The documents sought by Paragraphs 2, 3, 4, and 7 are irrelevant. These all concern the status of the insurance relationship between Defendants and ICRMT.  None of these requests seek evidence of the claimed discrimination or retaliation, or information reasonably calculated to lead to discoverable evidence of discrimination or retaliation.  Jump says she seeks these documents to determine whether the Policy contains an exclusion for employment practices claims.  <u>Response to Defendants' Motion to Quash Records Subpoena to the ICRMT (d/e 74) (Response)</u>, at 4-5.  She is not seeking the information to find evidence of discrimination or retaliation or of a defense.  She is only entitled to the Policy under Rule 26(a)(1)(A)(iv).  All other requests must relate to her claims in this action. Paragraphs 2, 3, 4, and 7 do not ask for documents that relate to her

claims of discrimination or retaliation. The Court grants the Motion to quash these portions of the Subpoena.

Document Request paragraphs 5 and 6 of the Subpoena are unduly burdensome because the requests are overly broad. The requests ask for the entire insurance claim file and all communications between agents of MCSO and ICRMT related to this case or any other claim filed by Jump. Some of the information requested could lead to admissible evidence, but many of the responsive documents would contain irrelevant information, including information about insurance matters covered by paragraphs 2, 3, 4, and 7 of the Document Request. Jump issued the Subpoena to secure information about insurance matters rather than information about her claims of the Defendants' defenses. <u>Response</u>, at 4-5. The Court, therefore, will quash Document Request paragraphs 5 and 6 in the Subpoena as overly broad and unduly burdensome.

THEREFORE, Defendants' Motion to Quash Plaintiffs' Records Subpoena to the ICRMT (d/e 70) is ALLOWED in part and DENIED in part. The Illinois Counties Risk Management Trust is directed to respond to the Subpoena by producing one complete copy of insurance Policy No. ICRMT2012023 and all exclusions and declaration pages. The Court quashes the remainder of the Subpoena and directs that the Illinois

Counties Risk Management Trust shall not be required to produce any other document.

ENTER: July 27, 2015

<pre>                         s/ Tom Schanzle-Haskins    
                        UNITED STATES MAGISTRATE JUDGE</pre>