IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KARI JUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-cv-3084 |
| | ) |
| MONTGOMERY COUNTY, | ) |
| SHERIFF JIM VAZZI, in his | ) |
| official and individual capacity, | ) |
| RICK ROBBINS, KURT ELLER, | ) |
| RICK FURLONG, DOUG | ) |
| WHITE, GREGORY NIMMO, | ) |
| and MARY SHIPMAN, in | ) |
| their individual capacities, | ) |
| | ) |
| Defendants, | ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE :

This matter come before the Court on Plaintiff Kari Jump (Jump) and Movants Rita Holzknecht and James Jump's Motion to Quash Subpoena's (d/e 78) (Motion 78) and Plaintiffs' Notice of Withdrawal of Motion to Quash as to Pegasus (d/e 80) (Motion 80). Jump and the Movants ask this Court in Motion 78 to quash Defendants' subpoenas directed to Pegasus Travel Agency and AT&T Communications of Illinois (AT&T). Motion 80 seeks to withdraw the request to quash the subpoena directed to Pegasus Travel Agency. Motion 80 is allowed. The request to quash the subpoena to

Pegasus Travel Agency is withdrawn.  Jump and Movant  Holzknecht's request to quash the subpoena to AT&T is ALLOWED for the reasons set forth below.

## BACKGROUND

Plaintiff Kari Jump alleges employment discrimination and retaliation claims against the Defendants in violations of her statutory and constitutional rights, pursuant to the Civil Rights Act of 1866; Title VII of the Civil Rights Act of 1964; and the Illinois Human Rights Act. <u>Second Amended Complaint (d/e 20)</u>; 42 U.S.C. §§ 1983 and 2005e; 775 ILCS 5/1-102.  On July 23, 2015, the Defendants deposed Jump's mother Movant Holzknecht.  During the deposition, Holzknecht testified that she was close to her daughter Jump.  Holzknecht testified that she spoke to Jump almost every day.  Holzknecht testified that they spoke in person or on the telephone, "Either she [Jump] would stop by my store, stop at the house, call me."  <u>Defendants' Response to Plaintiff and Movant' Motion to Quash Subpoenas (d/e 79) (Response)</u>, Exhibit E, <u>Excerpt of Deposition of Rita Holzknecht</u>, at 15.  She testified that they spoke about matters alleged in the Complaint.  <u>See</u> <u>id.</u>, at 15-16.  Defendants represent that Jump testified in her deposition that she talked to her mother about the allegations in Complaint.  <u>Response</u>, at 4.

On July 29, 2015, the Defendants served a subpoena on AT&T (Subpoena). The Subpoena commanded AT&T to produce the following documents:

> Any and all records related to any services provided to Rita Holzknecht from June 2011 to June 2012, related to phone # [Holzknecht's cellular telephone number], including but not limited to any telephone calls made and received, records detailing itemized phone calls and text messages, and billing invoices. No appearance required, records only.

Motion, Exhibit 2, Subpoena, at 1 (cellular telephone number omitted). The Subpoena commanded AT&T to produce the records on July 31, 2015, the cutoff date for fact discovery in this case. See Text Order entered March 2, 2015. Defendants gave Plaintiff's counsel twenty-four hours prior notice of the Subpoena before serving the Subpoena on AT&T. See Motion 78, at 3. Jump and Holzknecht move to quash the Subpoena.

## ANALYSIS

As an initial matter, the Defendants challenge Jump and Holzknecht's standing to move to quash a subpoena directed to a third party. Generally, a party lacks standing to move to quash a subpoena directed at a third party unless the party has a claim of privilege attached to the information sought or unless the production of the information sought implicates a party's privacy interests. See Malibu Media, LLC v. John Does 1-14, 287

F.R.D. 513, 516 (N.D. Ind. 2012).  A person needs only a minimal privacy interest to establish standing to move to quash a subpoena.  Id.[1]

Holzknecht and Jump have at least a minimal privacy interest in the information sought by the Subpoena for purposes of standing.  The Subpoena asks for all of AT&T's records about Holzknecht's cellular telephone service for a year.  The Subpoena seeks all of Holzknecht's billing invoices which would include information about the services she purchased and the payments she made.  The Subpoena also seeks information about all of the telephone numbers she called or texted.  Holzknecht has a privacy interest in such personal information.  See Whalen v. Roe, 429 U.S. 589, 599 (1977) (individuals have a privacy interest in personal information).  Jump's privacy interest in the information sought may be less than Holzknecht.  The Subpoena seeks information about Jump's telephone conversations with Holzknecht rather than all of Jump's telephone records.  Jump, however, has a privacy interest in personal information about her communications with her mother.  Jump and Holzknecht have sufficient privacy interests in the information sought to establish standing for Motion 78.

---

[1] The Court does not address any possible relationship between the privacy interests necessary for standing under Rule 45 to the reasonable expectation of privacy standard for Fourth Amendment analysis.  See United States v. Thousand, 558 Fed. App'x 666, 669-70 (7th Cir. 2014).  Neither party argues that the Fourth Amendment standard applies.

Jump and Holzknecht move to quash the Subpoena, in part, because the Subpoena seeks irrelevant material and the Subpoena imposes an undue burden on Holzknecht and Jump.  The scope of material that may be secured by Subpoena is as broad as that permitted under the discovery rules.  See Graham v. Casey's General Stores, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002).   Relevant information under the discovery rules consists of admissible evidence or information that is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Jump and Holzknecht have the burden of proof on this Motion.  See Malibu Media, LLC, 287 F.R.D. at 516.  In this case, the Subpoena seeks large amounts of irrelevant information.  In doing so, the Subpoena places an undue burden on Holzknecht.

The Defendants seek Holzknecht's telephone records to "verify whether any phone calls to/from Plaintiff and her mother were made as testified to by both deponents."  Response, at 5.  They wish to use this information for impeachment purposes.  Id.  The Subpoena, however, asks for all of Holzknecht's cellular phone records.  Holzknecht's records of the services she purchased and the payments she made are totally irrelevant to impeachment.  The Subpoena seeks information on all of Holzknecht's calls and texts for a year.  The calls and texts to persons other than Jump

have no relevance to verifying Holzknecht's testimony that she spoke to Jump regularly.  Furthermore, Holzknecht testified that she regularly spoke to Jump either in person, at her shop or at her home, or on the telephone.  Thus, the number of telephone calls between Holzknecht and Jump would not verify the regularity with which they spoke and would not impeach her testimony.

The information sought also does not appear likely to impeach Jump's testimony.  Jump testified in her deposition that she spoke to Holzknecht about her claims in the Complaint; but, Holzknecht testified that the two of them spoke on an almost daily basis.  <u>Response</u>, at 4.  Because Holzknecht, rather than Jump, testified about the frequency of their contacts, the telephone records have little likelihood of impeaching Jump's testimony either.  Under these circumstances, the request is overly broad.

The breadth of the request imposes an undue burden on Holzknecht.  The Subpoena seeks detailed information about the nature of her cellular telephone service, the cost of her service, and the history of her payments.  The Subpoena also seeks all of the telephone numbers Holzknecht had contact with in a year.  All of the information about her service and payments and all of the telephone numbers contacted except Jump's are totally irrelevant.  The Court determines in its discretion, that the forced

disclosure of non-party Holzknecht's irrelevant personal information in order to secure a small amount of minimally relevant information imposes an undue burden on Holzknecht.  The Court, therefore, quashes the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

THEREFORE, Plaintiff and Movants' Motion to Quash Subpoena (d/e 78) and Plaintiffs' Notice of Withdrawal of Motion to Quash as to Pegasus (d/e 80) are ALLOWED.  The request to quash the Defendants' subpoena directed to Pegasus Travel Agency is WITHDRAWN.  The Defendants' subpoena directed to AT&T Communications of Illinois is QUASHED.

ENTER:  August 21, 2015

_____*s/ Tom Schanzle-Haskins*_____
UNITED STATES MAGISTRATE JUDGE