IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KARI JUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-3084 |
| | ) |
| MONTGOMERY COUNTY, | ) |
| SHERIFF JIM VAZZI, in his | ) |
| official and individual capacity, | ) |
| RICK ROBBINS, KURT ELLER, | ) |
| RICK FURLONG, DOUG | ) |
| WHITE, GREGORY NIMMO, and | ) |
| MARY SHIPMAN, in their | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Emergency Motion to Compel Rule 35 Independent Medical Examination of Plaintiff (d/e 87) (Motion). For the reasons set forth below, the Motion is ALLOWED.

Defendants seek the independent medical examination because Plaintiff Kari Jump has asserted that she suffered severe long-term emotional damage as a result of the Defendants' alleged wrongful conduct. Jump has also disclosed expert witnesses who will testify about Jump's

mental condition, including a retained expert psychologist, Dr. Louise Fitzgerald.[1]  Defendants seek an independent medical examination to discover information regarding Jump's mental condition.  The Court may order an independent medical examination in this circumstance.  Fed. R. Civ. P. 35.  Defendants ask the Court to order Jump to appear on October 19 and 20, 2015, at 446 East Ontario Street, Suite 7-100, Chicago, Illinois 60611 at 1:00 p.m. each day to be examined by a psychiatrist, Dr. Stephen Dinwiddie, M.D., and a neuropsychologist, Dr. Michael Brook, Ph.D.  Jump states that she agrees to such an examination, but asks for the Court to impose three conditions on the examination.  The Court addresses each of Jump's requested conditions below.

Jump first asks for a detailed testing protocol for the examination before testing begins.  Jump argues that the Court's order must include such information.  Rule 35 states that an order for an examination:

> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[1] The parties do not indicate the precise degree held by Dr. Fitzgerald, such as Psy.D. or Ph.D.

Fed. R. Civ. P. 35(a)(2)(A) and (B).  The Defendants have set forth in the Motion sufficient information to allow the Court to meet these requirements.  Jump's request for a more specific testing protocol is denied.

Jump next asks to audio record the examination.  The request is denied.  Whether to allow a recording is within the discretion of the Court.  The Court has considered the matter carefully and agrees with the District Courts that have not allowed recordings without a showing of good cause.  See e.g., Stefan v. Trinity Trucking, LLC, 275 F.R.D. 248, 250 (N.D. Ohio 2011); E.E.O.C. v. Grief Bros. Corp., 218 F.R.D. 59, 64 (W.D.N.Y.2003); Haymer v. Countrywide Bank, FSB, 2013 WL 657662, at *5 (N.D. Ill. Feb. 22, 2013); Letcher v. Rapid City Regional Hosp., Inc., 2010 WL 1930113, at *9-10 (S. D. May 12, 2010).  The Court agrees with these courts that a Rule 35 examination is a medical examination, not an adversarial process, and that recording the examination could adversely affect the test results.  Jump's expert, Dr. Fitzgerald, will also be able to review the outcome of the examination and identify any problems with the examination's validity.  There is no indication that Dr. Fitzgerald's examination of the Plaintiff was recorded in any manner.  The Court respectfully declines to follow the District Courts that have reached a contrary conclusion.  See e.g., Underwood v. Fitzgerald, 229 F.R.D. 548, 550 (M.D. Tenn. 2005); Sidari v.

Orleans County, 174 F.R.D. 275, 291 (W.D. N.Y. 1996); Gavenda v. Orleans County, 174 F.R.D. 272, 274 (W.D. N.Y. 1996); Zabkowicz v. West Bend Co., 585 F. Supp. 635 (E.D.Wis 1984).  Jump makes no showing of any cause for a recording.  She speculates that a possibility of abuse might occur, but speculation is not good cause.  No one shall attend the examination other than Jump, Drs. Dinwiddie and Brook, and their respective assistants if any; and no audio or visual recording shall be made of any portion of the examination.

Lastly, Jump asks that her expert psychologist, Dr. Louise Fitzgerald, be directed to send her raw data from her examination of Jump to Dr. Brook rather than to Dr. Dinwiddie.  This request is allowed.  The Defendants have no objection to this request.

THEREFORE  Defendants' Emergency Motion to Compel Rule 35 Independent Medical Examination of Plaintiff (d/e 87) is ALLOWED.  The Court hereby orders:

1. Plaintiff Kari Jump shall appear at October 19 and 20, 2015, at 446 East Ontario Street, Suite 7-100, Chicago, Illinois  60611, at 1:00 p.m. each day to be examined by a psychiatrist, Dr. Stephen Dinwiddie, M.D., and a neuropsychologist, Dr. Michael Brook, Ph.D.

2. On October 19, 2015, Dr. Dinwiddie will interview Jump, ask questions about her medical history and records, and conduct a mental health status examination.

3. On October 20, 2015, Dr. Brook will ask follow-up questions and administer psychological testing which testing may include: (1) Wide Range Achievement Test – 4th Edition (WRAT-4); (2) Montreal Cognitive Assessment (MoCA); (3) Minnesota Multiphasic Personality Inventory – 2nd Edition – Restructured Form (MMPI-2-RF); (4) Millon Clinical Multiaxial Inventory- 3rd Edition (MCMI-III); (5) Posttraumatic Stress Diagnostic Scale (PDS); and (6) other similar tests determined by Dr. Brook to be appropriate under the circumstances.

4. Plaintiff Kari Jump shall cooperate with Dr. Dinwiddie and Dr. Brook in the examination, and shall stay at the examination site each day as long as Dr. Dinwiddie or Dr. Brook requires her attendance.

5. No one may attend the examination other than Plaintiff Kari Jump; Dr. Dinwiddie and his assistants, if any; and Dr. Brook and his assistants, if any.

6. No audio or visual recording shall be made of any portion of the examination.

7. On or before October 5, 2015, Plaintiff's expert, Dr. Louise Fitzgerald, shall provide to Dr. Brook the raw tests results from her examination of Plaintiff Jump.

8. On or before November 20, 2015, Drs. Dinwiddie and Brook shall prepare a report in writing (IME Report) which shall set out in detail their findings, including diagnoses, conclusions, and results of tests; and shall deliver a copy of the IME Report to Plaintiff's counsel and Defendants' counsel.

ENTER:  September 30, 2015

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE