E-FILED
Tuesday, 06 October, 2015  11:18:07 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KARI JUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-3084 |
| | ) | |
| MONTGOMERY COUNTY, | ) | |
| SHERIFF JIM VAZZI, in his | ) | |
| official and individual capacity, | ) | |
| RICK ROBBINS, KURT ELLER, | ) | |
| RICK FURLONG, DOUG | ) | |
| WHITE, GREGORY NIMMO, and | ) | |
| MARY SHIPMAN, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Kari Jump's Motion for Sanctions and to Compel (d/e 84) (Motion).  For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

On March 28, 2013, Jump filed this action alleging sex discrimination, harassment, and retaliation in violation of the Civil Rights Act of 1866 and the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 2000e; and  in violation of the Illinois Human Rights Act, 775 ILCS 5/1-102 .  Second Amended

Complaint (d/e 20) (Complaint), ¶ 1.  Jump alleges that she started working at the Montgomery County Sheriff's Office in 2007.  She alleges that the illegal conduct began in the summer of 2011 and continued until her termination on July 27, 2012.  Complaint, ¶¶ 18, 21-65.

On November 6, 2013, Jump served document requests on the defendants.  The requests asked for documents related to any claims of sexual discrimination or harassment filed against any employee of the Montgomery County Sheriff's Office.  Motion, Exhibit 2, Plaintiff's First Request for Production of Documents to Defendant Montgomery County, ¶¶ 17, 19, 23.  The Defendants responded to the requests on January 8, 2014.  Defendants' Response in Opposition to Plaintiffs' Motion for Sanctions and to Compel (d/e 86), Exhibits G, H, and I, Responses to Requests for Production of Documents.

On July 22, 2015, Jump deposed Defendant Sheriff Jim Vazzi. Defendant Undersheriff Rick Robbins attended a portion of Vazzi's deposition.  Sheriff Vazzi testified that he could not recall any other sexual harassment complaints.  Upon hearing Vazzi's response to this question, Robbins remembered that he had conducted investigations of three sexual harassment complaints filed on October 24, 2014, December 15, 2014, and February 2, 2015.  The complaints all concerned a female employee

named Pam Ott and a male employee named Dave Stege. Ott was a cook in the kitchen at the Montgomery County Jail, and Stege was a correctional officer at the Jail. Ott filed the first two complaints about Stege, and Stege filed the last complaint about Ott. All concerned the use of sexually offensive language.

Robbins investigated the complaints. Robbins reviewed the Sheriff's office audio visual monitoring equipment as part of his investigations. The monitoring equipment recorded one of Stege's statements, but Stege was not within the view of the equipment's camera at the time. Robbins determined that the recording equipment did not record either of the other comments. As a result of Robbins' investigations, Stege was disciplined based on the two complaints Ott filed, but Ott was not disciplined.

After the Vazzi deposition, Robbins told defense counsel about the three incidents. On July 23, 2015, Defense counsel provided to Jump's counsel the documents related to the three complaints and the audio recording of Stege's comments (Ott/Stege Documents). Jump deposed Robbins on July 24, 2015, after receiving these documents. On July 27, 2015, defense counsel offered to allow Jump to redepose Vazzi on July 30, 3015, about these three complaints. The parties were scheduled to take a deposition on that day. Jump's counsel declined. Jump's counsel states

that she did not have time to add a deposition to her schedule that day because she was already attending the scheduled deposition and reviewing files at the Montgomery County Sheriff's Office.  Fact discovery closed on July 31, 2015.  Text Order entered March 2, 2015.  Jump asks for sanctions under Rule 37(c) for failure to produce these documents in a more timely fashion.  Fed. R. Civ. P. 26(e) and 37 (c).

In addition, on July 30, 2015, Jump's counsel inspected personnel files at the Montgomery County, Illinois, Sheriff's Office.  Jump's notice for production and inspection of documents included the personnel files of anyone who has had a complaint filed against him or her for harassment, retaliation, discrimination, and/or sexual misconduct.  The Defendants produced the investigation file for each such employee.  The Defendants objected to producing the entire personnel file of these employees.  Jump moves to compel the production of the entire personnel files of anyone who has had a complaint filed against him or her for harassment, retaliation, discrimination, and/or sexual misconduct.

## ANALYSIS

A party must supplement initial disclosures and responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and

if the additional or corrective information has not otherwise been made

known to the other parties during discovery or in writing."  Fed. R. Civ. P.

26(e)(1)(A).  If a party fails to comply with Rule 26(e)(1)(A), "the party shall

not be allowed to use the information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially

justified or harmless."  Fed. R. Civ. P. 37(c)(1).  The Court may also impose

sanctions and order payment of attorney fees and expenses caused by the

failure to comply.  Fed. R. Civ. P. 37(c)(1)(A)-(C).

     The Defendants should have supplemented their responses to

Jump's document production request with the Ott/Stege Documents in a

more timely fashion.  Jump asked for documents related to discrimination

and harassment claims.  The Defendants had an obligation to supplement

their responses.  The Defendants did not disclose these documents until

just a few days before the close of fact discovery.[1]  Rule 26(e)(1)(A)

requires a timely supplement.  The Defendants' supplement was not timely.

     The Defendants argue that disclosure of the information during

discovery is sufficient to meet the requirements of Rule 26(e).  See Weiland

v. Linear Const., Ltd., 2002 WL 31307622, at *2 (N.D. Ill. October 15, 2002)

---

[1] Jump argues that the Defendants also had an obligation to disclose the Ott/Stege Documents to supplement its initial disclosures under Rule 26(a).  Rule 26(a) requires a party to disclose witnesses and documents "that the disclosing party may use to support its claims or defenses, unless the use would be for impeachment."  Fed. R. Civ. 26(a)(1)(A)(i) and (ii).  The Defendants view the Ott/Stege Documents as irrelevant.  The Defendants, therefore, were not required to disclose this information under rule 26(a).

(disclosure of identity of witness during deposition is sufficient notice under Rule 26(e)).  Rule 26(e), however, requires timely disclosure.  The problem here is the lateness of the disclosure.  The Defendants disclosed the Ott/Stege Documents in an untimely manner, shortly before the close of discovery.

The Court, therefore, must preclude the Defendants from using the information produced about the Ott and Stege sexual harassment claims unless the failure to supplement in a timely manner was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1).  The Defendants argue that the documents were irrelevant so any failure was harmless and Defendants were substantially justified in not producing the material sooner.  The Court disagrees.  Jump seeks to hold Montgomery County directly liable for the § 1983 violation.  To succeed in the § 1983 claim, she must show that the alleged harassment occurred pursuant to an official policy, custom, or practice, or by a person with policy making authority.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).   Other sexual harassment claims are relevant to the policy, custom or practice of the Montgomery County Sheriff's Office.  The failure to supplement in a timely manner was not harmless or substantially justified.  The Defendants may not use information from the Ott/Stege Documents in

their defense at trial or in connection with a motion including a summary judgment motion.[2]

The question of additional sanctions is within the discretion of the Court.  Fed. R. Civ. P. 37(c)(1)(A)-(C).  The Court finds that the appropriate sanction is to: (1) require Sheriff Vazzi to sit for a second deposition not to exceed two hours and limited to the information related to the Ott/Stege Documents and the Sheriff Department's handling of those claims; (2) allow Plaintiff Jump a thirty day extension of fact discovery to depose Ott and Stege pursuant to subpoena; (3) require the Defendants to produce any unproduced audio visual recordings from monitoring equipment  referenced in the Ott/Stege Documents or certify that the recordings no longer exist; and (4) provide a copy of the training session mentioned in the Ott/Stege Documents.  The Defendants' late supplement of their discovery responses prejudiced Jump by denying her the opportunity to depose Ott and Stege before fact discovery ended, to ask Sheriff Vazzi about the two complaints, and to seek copies of the training tape and audio visual recordings referenced in those documents.  Imposing these sanctions remedies those injuries.

---

[2] Plaintiff Jump is not precluded from presenting evidence from the Ott/Stege Documents.  The Court does not decide how the Defendants may respond if Jump presents such evidence at trial or at summary judgment.  The District Court should address that issue in connection with the trial or summary judgment motion.

The Court, in its discretion, does not impose fees or expenses on Defendants, including fees or costs for any of the additional depositions or for the filing of this Motion.  The Defendants supplemented the discovery production as soon as Robbins remembered about the existence of the Ott/Stege Documents and before fact discovery formally closed. The Defendants also offered Sheriff Vazzi for a second deposition to alleviate the harm.  Under these circumstances, the Court determines in its discretion that the Defendants should not be required to pay any costs. The only prejudice was the lack of time due to the closing of discovery. Jump would have paid the cost for the additional depositions if the Defendants had supplemented the document production in a timely manner.  Extending the time to take these two depositions is sufficient to remedy any harm.  The Court declines to impose any costs or fees for the failure to supplement the discovery production with the Ott/Stege Documents in a timely manner.

Jump also asks the Court to compel production of other documents. Jump asks the Court to compel production of documents related to an employee named Liebscher.  Robbins testified at his deposition that Liebscher quit after allegations of sexual misconduct.  The alleged misconduct was not work-related.  Jump also asks the Court to compel

production of complete personnel files of every person against whom a sexual harassment or discrimination complaint was filed.  These requests are unrelated to the Defendants' failure to supplement their document production with the Ott/Stege Documents.  Rather, these portions of the Motion are separate requests to compel discovery.

Requests to compel discovery are covered by Rule 37(a), not Rule 37(c).  A movant in a Rule 37(a) motion must certify that she has attempted in good faith to meet and confer with the other party to obtain the discovery without court action.  Fed. R. Civ. P. 37(a)(1).  Jump makes no such certification.  These portions of the Motion are therefore denied.

THEREFORE Plaintiff's Motion for Sanctions and to Compel (d/e 84) is ALLOWED in part and DENIED in part.  The Defendants are barred from presenting evidence concerning the sexual harassment complaints filed by Montgomery County Sheriff employees Pam Ott and Dave Stege in 2014 and 2015 in connection with any motion or at trial.  Defendant Vazzi is required to attend a second deposition not to exceed two hours and limited to the Ott and Stege sexual harassment claims and the Montgomery County Sheriff Department's handling of those claims.  The Plaintiff Jump is given a limited extension of fact discovery to November 6, 2015, to depose Ott and Stege pursuant to subpoena.  The Defendants are ordered to

produce the second audio visual recording referenced in the Ott/Stege

Documents or certify that the recording no longer exists; and to produce a

copy of the training session mention in the Ott/Stege Documents.  The

Court declines to require the Defendants to pay any of the Plaintiff's costs

or fees including fees and costs for the additional depositions or for filing

this Motion.  The remainder of the Motion is DENIED.

ENTER:  October 6, 2015


_____*s/ Tom Schanzle-Haskins*_____
UNITED STATES MAGISTRATE JUDGE