IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KARI JUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 13-3084 |
| ) | |
| MONTGOMERY COUNTY, ) | |
| SHERIFF JIM VAZZI, in his official ) | |
| and individual capacity, RICK ) | |
| ROBBINS, KURT ELLER, RICK ) | |
| FURLONG, DOUG WHITE, in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

In an Opinion and Order [Doc. No. 81] entered on August 21, 2015, United States Magistrate Judge Tom Schanzle-Haskins granted the Motion of the Plaintiff and Movants Rita Holzknecht and James Jump and quashed the subpoena directed to AT&T Communications of Illinois ("AT&T). The Defendants appealed the Magistrate Judge's Decision. See Doc. No. 85. As directed, the Plaintiff and Movant filed a Response [Doc. No. 88] to the Defendants' Brief.

I.

This is a case wherein Plaintiff Kari Jump alleges employment discrimination and retaliation claims against the Defendants pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983; Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e et seq.; and the Illinois Human Rights Act, 735 ILCS 5/2-102(D).

Movant Rita Holzknecht is the Plaintiff's mother. On July 29, 2015, the Defendants served a subpoena on AT&T which commanded AT&T to produce the following documents:

> Any and all records related to any services provided to Rita Holzknecht from June 2011 to June 2012, related to phone # [Holzknecht's cellular telephone number], including but not limited to any telephone calls made and received, records detailing itemized phone calls and text messages, and billing invoices. No appearance required, records only.

Jump and Holzknecht moved to quash the subpoena.

Judge Schanzle-Haskins noted that a party generally lacks standing to quash a subpoena directed at a third party unless a claim of privilege attaches to the information sought or unless the production of such information implicates a party's privacy interests. See Malibu Media, LLC

v. John Does 1-14, 287 F.R.D. 513, 516 (N.D. Ind. 2012). He determined that although the Plaintiff's privacy interest in the information sought might be less than Holzknecht's, both individuals have sufficient privacy interests to establish standing. Judge Schanzle-Haskins found that the subpoena sought large amounts of irrelevant information and, therefore, placed an undue burden on Holzknecht.

Holzknecht had testified she spoke to Kari Jump either in person or on the telephone almost every day. The magistrate judge noted that Defendants sought Holzknecht's telephone records for impeachment purposes in order to determine whether the deponents had frequent telephonic contact. He found that Holzknecht's records of the services she purchased and the payments she made are totally irrelevant to impeachment. Moreover, the calls and texts to persons other than the Plaintiff have no relevance to determining the accuracy of Holzknecht's testimony that she spoke to the Plaintiff regularly. Additionally, Judge Schanzle-Haskins observed that because Holzknecht testified that she regularly spoke to the Plaintiff either in person, at her shop or at her home

or on the telephone, the number of calls between Holzknecht and Jump would not verify how often they communicated and would not impeach her testimony.

The magistrate judge further noted that although the Plaintiff testified in her deposition that she spoke to Holzknecht about her claims in the Complaint, the Plaintiff did not talk about the frequency of their contacts. Because it was Holzknecht who testified about how often they communicated, therefore, the telephone records would not likely impeach the Plaintiff's testimony. For these reasons, Judge Schanzle-Haskins found the request was overly broad.

The magistrate judge found that the disclosure of extensive personal information in order to obtain a minimal amount of potentially relevant information resulted in an undue burden on Holzknecht. Accordingly, the Court quashed the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

II.

The Court's review of the magistrate judge's discovery-related

decisions is governed by Rule 72(a) of the Federal Rules of Civil Procedure, see Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997), which provides "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943.

In their appeal, the Defendants contend that the minimal privacy interests of the Plaintiff and Holzknecht do not outweigh the importance of their rights to full discovery. Specifically, an interest in old phone records, data plans and billing invoices should not outweigh the importance of the Defendants being able to defend themselves individually and collectively from what they claim are "unjust and uncorroborated allegations of harassment and discovery."

The Plaintiff testified that she called her mother to tell her about the

alleged slap on the buttock by Defendant Rick Furlong. According to the Second Amended Complaint [Doc. No. 20], this incident allegedly occurred in August of 2011. The Plaintiff's deposition testimony does not say when or what time this occurred, except that she called her mother five minutes thereafter. Holzknecht's deposition testimony also does not indicate a date. Because the date of the alleged occurrence is uncertain, the phone records of Holzknecht would not appear to be relevant to this allegation–unless the records showed there were no phone conversations between the two individuals during Kari Jump's work hours in August of 2011.

Holzknecht testified that she received a call from the Plaintiff when Defendant Kurt Eller kicked her in the ankle. Holzknecht further stated that Plaintiff called her on two occasions that night that Eller pulled her hair. However, Holzknecht's deposition testimony does not provide a date for the alleged occurrences. According to the Second Amended Complaint, the kicking incident occurred "[i]n or about March 2012" and the hair pulling is alleged to have occurred "[i]n or about February 2012."

Additionally, neither the Second Amended Complaint nor the cited portions of the Plaintiff's deposition provide a date for the Plaintiff's allegation that she called her mother the night she was alone and got scared when she heard something outside her home.  The Plaintiff claims that Defendant Rick Robbins had been sitting outside her home stalking her and that Plaintiff's husband allegedly saw Robbins drive past him that night in a Sheriff's Office SUV.[1]  Accordingly, it is unlikely that Holzknecht's phone records would be probative as to this alleged incident.[2]

Certainly, information that could be used to impeach a witness is relevant under the Federal Rules of Evidence.  However, given that most of the dates of these alleged occurrences are not provided or are stated very generally, the relevance of Holzknecht's phone records is at best uncertain.

Additionally, the Defendants assert that the records subpoena to

---

[1] The Defendants reference page 317 of Kari Jump's deposition for this allegation.  However, the last page included in the exhibit attached to the filing is 316.

[2] The Defendants state Holzknecht testified she received a phone call from the Plaintiff at about 10:30 p.m. on the night that Plaintiff thought someone was outside her home.  The cited page of the deposition is not included as part of the exhibit.

AT&T seeks relevant information and is not overbroad. The Court recognizes that the subpoena seeks records from June of 2011 to June 2012 because that is the time period of the allegations and, further, because the Defendants could not expect AT&T to redact calls made and received by people other than the Plaintiff and her mother. The records could only be requested in the format in which they are kept.

However, when considering the breadth of the request with the apparent minimal relevance due to the lack of specificity regarding dates, the Court agrees that this results in an undue burden on non-party Rita Holzknecht.

Accordingly, the Court is unable to conclude that any portion of Judge Schanzle-Haskins's Order is clearly erroneous or contrary to law.

Ergo, the Defendants' Appeal of the Magistrate Judge's Order [d/e 85] is DENIED.

The Magistrate Judge's Opinion and Order Quashing the Subpoena to AT&T Communications of Illinois [d/e 81] is AFFIRMED.

ENTER: October 29, 2015

FOR THE COURT:

                                                   s/Richard Mills
                                                  Richard Mills
                                                  United States District Judge