# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KARI JUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.13-cv-3084 |
| | ) | |
| MONTGOMERY COUNTY, | ) | |
| SHERIFF JIM VAZZI, in his | ) | |
| official and individual capacity, | ) | |
| RICK ROBBINS, KURT ELLER, | ) | |
| RICK FURLONG, | ) | |
| DOUG WHITE, | ) | |
| GREGORY NIMMO, | ) | |
| and MARY SHIPMAN, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

On November 13, 2015, the Court conducted a telephonic hearing in this matter. The Plaintiff appeared by her attorney Dana Kurtz, and the Defendants appeared by their attorney Karin Anderson. The Court issued the following rulings on the motions pending before the Court.

  I.   Defendants' Emergency Motion to Compel the Deposition of

       Plaintiff's Expert and for Sanctions [94] (Motion 94)

Defendants ask the Court to compel Plaintiff's expert, Dr. Louise F. Fitzgerald, Ph.D., to appear in Illinois for a deposition.  Dr. Fitzgerald has offices in Illinois, but resides in Florida.  Generally, parties must conduct depositions of non-party witnesses at the witness' residence.  See e.g., Yaskawa Electric. Corp. v. Kollmorgen Corp., 201 F.R.D. 443, 444 (N.D. Ill. 2001).  In this case, however, Dr. Fitzgerald states that she can be in Chicago, Illinois, the week of November 30, 2015.  Plaintiff's Response to Defendants' Motion for Sanctions and to Compel (DKT. 94) (d/e 96), Exhibit 1, Declaration of Louise F. Fitzgerald, ¶ 10.  The Court therefore allows Motion 94 in part.  The Court directs the parties to conduct the deposition of Dr. Fitzgerald at a mutually agreed time and place in the Chicago, Illinois, metropolitan area during the week of November 30, 2015.  The Defendants would have been required to pay Dr. Fitzgerald's mileage if they had subpoenaed her.  Fed. R. Civ. P. 45(b)(1).  The Court therefore directs the Defendants to pay Dr. Fitzgerald the cost of round trip economy class airfare between her residence in Florida and Chicago, Illinois, in addition to any amounts required for her time during the deposition.  See Fed. R. Civ. P. 26(b)(4)(E).

II. <u>Defendants' Motion to Enforce Settlement Agreement or in the Alternative for Rule to Show Cause and for Sanctions [99]</u> (Motion 99)

Defendants ask the Court to enforce the parties' settlement agreement, or in the alternative sanction the Plaintiff for failing to attend the Independent Medical Examination (IME) ordered by this Court. See Opinion entered September 30, 3015 (d/e 92) (Opinion 92) (ordering Plaintiff to attend and undergo an IME on October 19 and 20, 2015). Plaintiff also asks the Court to enforce the settlement agreement.

The information presented to the Court, however, shows that no settlement agreement exists. A settlement agreement is a contract and is governed by principles of applicable state contract law. <u>Laserage Technology Corp. v. Laserage Laboratories, Inc.</u>, 972 F.2d 799, 802 (7th Cir. 1992). Any valid contract requires, among other things, a meeting of the minds of the parties on the material terms. E.g., <u>Abbott Laboratories v. Alph Therapeutic Corp.</u>, 164 F.3d 385, 387 (7th Cir. 1999). In this case, the Defendants sent a proposed settlement agreement to Plaintiff. Plaintiff responded with a change in the language. Plaintiff proposed a modification to Defendants' proposed Paragraph 11entitled "Mutual Non-

Disparagement." Plaintiff proposed adding the phrase "Plaintiff and Defendant MCSO, its agents, officers, and elective officials," after the word "parties." <u>Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement or in the Alternative for Rule to Show Cause and for Sanctions (DKT. 99) (d/e 100) (Plaintiff's Response 100)</u>, Exhibit 1, <u>Plaintiff's Redline of Defendants' Proposed Settlement Agreement (Redline Agreement Draft), ¶ 11</u>. Defendants did not agree to the Plaintiff's proposed modification. The parties, therefore, never came to a meeting of the minds, and so, never entered into a settlement agreement.

Plaintiff argues that the parties agreed on a mutual non-disparagement clause in Defendants' original draft. Plaintiff notes that the heading of the proposed paragraph 11 said Mutual Non-Disparagement already. The additional language, therefore, was not a material change in the proposed draft. The proposed draft, however, stated that headings were not part of the agreement and could not be used to interpret the agreement. <u>Redline Agreement Draft</u>, ¶ 19. Therefore, the heading cited by Plaintiff was not part of the Defendants' proposed agreement. The parties did not agree on all the material terms. There was no settlement agreement. Each party's request that the Court enforce the settlement agreement is denied.

The Defendants' alternative request for sanctions for Plaintiff's failure to appear at the IME is allowed in part.  Plaintiff was ordered to appear and she did not.  The emails between the parties demonstrate that Defendants did not agree to a delay in the IME, and Plaintiff did not move for any modification of Opinion 92.  See Motion 99, attached emails dated October 19, 2015.  The Court, therefore, finds that Plaintiff and her counsel violated Opinion 92.  The remedies for violation of Opinion 92 compelling discovery is governed by Rule 37(b).  Fed. R. Civ. P. 37(b).  Generally, the Court can find a party in contempt for violating a discovery order; except, a party cannot be held in contempt for failing to submit to a physical or mental examination.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  The Court, therefore, does not find the Plaintiff or her counsel to be in contempt.

Instead of finding a person to be in contempt, the Court can award Defendants' attorney fees and costs incurred as a result of the Plaintiff's failure to comply with Opinion 92 unless the failure was substantially justified or other circumstances make the award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).  The Plaintiff's failure to appear at the IME was not substantially justified.  She was ordered to attend, and the matter was not yet settled.  If she wanted to delay the IME due to settlement discussions, she should have filed a motion.  She did not.  The failure to comply with

Opinion 92 and attend the IME was not substantially justified. The award of expenses is not unjust under these circumstances. The Plaintiff should have appeared and has no excuse.

The Court orders the Plaintiff and her attorney to pay the Defendants' attorney fees and costs incurred as a result of the Plaintiff's failure to attend the IME as ordered by Opinion 92. The Court directs Defendants to file a detailed request for fees and expenses by December 2, 2015. The Plaintiff is given fourteen days from the date of service to respond.

The Defendants also ask the Court to allow the Nonsupervisory Defendants' Motion for Summary Judgment (d/e 95) as a sanction. The Court extended the time to file a response to the Nonsupervisory Defendants' Motion for Summary Judgment to November 20, 2015. Text Order entered October 29, 2015. The Plaintiff's response, therefore, is not yet due. The Court denies the request for sanctions. The Plaintiff's response to Nonsupervisory Defendants' Motion for Summary Judgment remains due on November 20, 2015.

III.   Defendants' Motion to Seal Documents Filed with the Court
       (d/e 101) (Motion 101)

Defendants ask the Court to seal the documents attached to Plaintiff's Response 100. The request is denied. The documents attached

are part of the parties' settlement negotiations, but the documents are not subject to any protective order and are not trade secrets or other confidential material properly subject to non-disclosure. See e.g., Fed. R. Civ. P. 26(c)(1)(G). Litigation is to be conducted in public, and absent good cause, documents filed in federal court are to be public. See e.g., Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945-46 (7th Cir. 1999) (District Court must find good cause before sealing documents filed in a case in federal court). The request to seal documents is denied.

    IV.    Plaintiff's Motion to Withdraw as Counsel (d/e 103) (Motion 103)

Motion 103 is allowed. Attorney Erin L. Sostrock has left the firm representing Plaintiff, Kurtz Law Offices, Ltd. Plaintiff remains represented by attorneys Dana Kurtz and James Graham Vanzant of Kurtz Law Offices. Attorney Sostrock is withdrawn as an attorney of record in this case.

THEREFORE, Defendants' Emergency Motion to Compel the Deposition of Plaintiff's Expert and for Sanctions (d/e 94) and Defendants' Motion to Enforce Settlement Agreement or in the Alternative for Rule to Show Cause and for Sanctions (d/e 99) are ALLOWED in part and DENIED in part; Defendants' Motion to Seal Documents Filed with the Court (d/e 101) is DENIED; and Plaintiff's Motion to Withdraw as Counsel

(d/e 103) is ALLOWED.  The deadline for Defendant's Expert Disclosure deadline is extended to December 30, 2015, and the deadline for depositions of Defendants' experts is extended to January 30, 2016.  Other scheduling dates and deadlines remain unchanged.

ENTER:  November 20, 2015

_____*s/ Tom Schanzle-Haskins*_____
UNITED STATES MAGISTRATE JUDGE